## RUTH KNUDSEN v. MONICA WEIBER.[1]

June 8, 1934.

No. 29,841.

[1]Reported in 255 N. W. 246.

*Cobb, Hoke, Benson, Krause & Faegre* and *Johnston & Carman,* for appellant.

*Dell & Rosengren* and *M. J. Daly, Jr.,* for respondent.

PER CURIAM.

Plaintiff had a verdict for $10,000 in this a personal injury action arising out of an automobile collision occurring on October 30, 1932. The court reduced the verdict to $6,500, which reduction was accepted by plaintiff. On this appeal the only assignment of error is that the court erred in denying defendant's motion for new trial made upon the ground of excessive damages appearing to have been given under the influence of passion and prejudice.

The circumstances surrounding the accident need not be recited; the verdict of the jury established defendant's negligence, and that question is not before us. The case was well tried in a lawyerlike manner and was submitted in a charge unobjected to. The record discloses nothing likely to arouse passion or prejudice.

Plaintiff, the mother of two boys aged 14 and 8 years, respectively, was 36 years of age. When 12, 22, and 29 years old, she had some heart trouble, consisting of a not extensive leakage on the left side of the heart; there had been a complete compensation of that condition. Medical witnesses on behalf of plaintiff testified that because of the accident there was emotional and physical shock, injury to the heart, pronounced leakage on both sides thereof, and that in nature's attempt to compensate therefor the heart had been greatly enlarged; that there was irregular beating and a clearly discernible "thrill"; that a decompensation condition existed at the time of the trial and would continue as long as she lived. The evidence further showed that prior to the accident plaintiff had been able to do the usual household and home work and in addition hard work in a bakery; that after the treatment for the injuries sustained she was and always will be unable to do more than a very

minor part of her former duties; that an attempt to do more incapacitates her and may produce sudden death. Three physicians testified for plaintiff; one for the defendant. The three for plaintiff were in accord on all of the major propositions; the views of the other physician were different. The case involved clear-cut questions of fact for the jury. The verdict as returned may have been generous; as reduced it is certainly not excessive.

Affirmed.

*JULIUS J. OLSON, Justice,* took no part.

[1]Reported in 255 N. W. 247.